UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 11 - 3486**

---------------------------------------------------------- x

VINCENT CARMONA

*FILED IN CLERK'S OFFICE US DISTRICT COURT E.D.N.Y. ★ JUL 20 2011 ★ BROOKLYN OFFICE*

ECF CASE

**COMPLAINT**

Jury Trial Demanded

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER JOHN DOE 1-10

Defendants.

**TOWNES, J.**

**AZRACK, M.J.**

---------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the Plaintiff Vincent Carmona ("Plaintiff") seeks relief for the violation of his rights secured by 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. This case arises from a June 1, 2011 incident in which members of the New York City Police Department ("NYPD") subjected Plaintiff to false arrest, false imprisonment, excessive force, assault, battery, an illegal strip search and fabrication of evidence in violation of the Fourth, Sixth, and Fourteenth Amendments to the Constitution. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.  This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.  Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants City of New York ("City") and John Does are located in and subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

4.  Plaintiff is a resident of the State of New York.

5.  The City of New York is a municipal corporation organized under the laws of the State of New York.

6.  John Does are members of the NYPD who were involved in the arrest of Plaintiff on June 1, 2011. Does are sued in their individual capacities.

## STATEMENT OF FACTS

7.  On June 1, 2011 at approximately 10:00 p.m., Plaintiff, was lawfully walking in the vicinity of 869 Flushing Avenue in Brooklyn, New York.

8.  Detectives, including the Defendant John Does, approached Plaintiff and and placed him in extremely tight handcuffs.

9.  Plaintiff was then taken to the precinct. At the precinct, Plaintiff was strip-searched. Plaintiff also had the cast removed from his broken arm. From the precinct, Plaintiff was taken taken to Brooklyn Central Booking.

10. While Plaintiff was confined in Brooklyn Central Booking, the officers, including the Defendant John Does, misrepresented to the Kings County District Attorney's Office that Plaintiff had committed crimes.

11. On June 3, 2011, at around 3:00 a.m., Plaintiff was released from Brooklyn Central Booking after the Kings County District Attorney declined to prosecute him.

12. As a result of Defendants' actions, Plaintiff suffered emotional distress, fear, embarrassment, humiliation, discomfort, and a loss of liberty.

### FEDERAL CLAIMS AGAINST POLICE OFFICERS JOHN DOES

13. Plaintiff repeats and realleges the foregoing as if fully set forth herein.

14. The conduct of John Does, as described herein, amounted to false arrest and an illegal strip search. This conduct violated Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

### FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

15. Plaintiff repeats and realleges the foregoing as if fully set forth herein.

16. The City of New York directly caused the constitutional violations suffered by Plaintiff.

17. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that its police officers, including the individual Defendants, are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein. Nevertheless,

3

the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor its officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against its officers.

18. The aforesaid conduct by the City of New York violated Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff demands a jury trial and the following relief jointly and severally against the Defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees;

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED: July 20, 2011

4

New York, New York

                  Robert Marinelli
                  305 Broadway, 14th Floor
                  New York, New York 10007
                  (212) 822-1427

                  ROBERT MARINELLI (RM-4242)