UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

VINCENT CARMONA,

                                   Plaintiff,

- against -

THE CITY OF NEW YORK, POLICE OFFICERS
ANGELO PIZZARO (Shield No. 29275), ANSAI KALIL
(Shield No. 11189), MICHAEL TAGGART (Shield No.
2110), JOHN DOES 1-10,

                                   Defendants.
------------------------------------------------------------------------

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

11 CV 3486 (SLT) (JMA)

Jury Trial Demanded

        Defendant City of New York[1], by it's attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for it's answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.      Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        2.      Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed and assert the jurisdiction of this Court as stated therein.

        3.      Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to base venue as stated therein.

        4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

        5.      Admits the allegations set forth in paragraph "5" of the complaint.

---

[1] Upon information and belief, and according to a review of the civil docket sheet, defendants Angelo Pizzaro, Ansai Kalil, and Michael Taggart have not been served with process in this matter.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that Officers Pizzaro, Kalil and Taggart are employed by the City of New York as police officers and that plaintiff purports to proceed as stated therein, and state that the allegations that the officers were "acting under color of state law and in [their] capacity as a City law enforcement officer" are conclusions of law rather than averments of fact, to which no response is required.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that plaintiff purports to proceed as stated therein, denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the employment of "John Does 1-10," and states that the allegations that they were "acting under color of state law and in their capacities as City law enforcement officers", are conclusions of law, rather than averments of act, to which no response is required.

8. Denies the allegations set forth in paragraph "8" of the complaint.

9. Denies the allegations set forth in paragraph "9" of the complaint.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that plaintiff was taken to the precinct and then to Brooklyn Central Booking.

11. Denies the allegations set forth in paragraph "11" of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. In response to the allegations set forth in paragraph "14" of the complaint, defendant repeats and realleges paragraphs "1" through "13" of this answer as if fully set forth herein.

15. Denies the allegations set forth in paragraph "15" of the complaint.

- 3 -

      16.     In response to the allegations set forth in paragraph "16" of the complaint, defendant repeats and realleges paragraphs "1" through "15" of this answer as if fully set forth herein.

      17.     Denies the allegations set forth in paragraph "17" of the complaint.

      18.     Denies the allegations set forth in paragraph "18" of the complaint.

      19.     Denies the allegations set forth in paragraph "19" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

20. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

21. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

22. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

23. Plaintiff's claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

24. At all times relevant to the acts alleged in the complaint, defendant, it's agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, they are entitled to governmental immunity from liability.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

25. There was probable cause for plaintiff's arrest, detention, and any prosecution.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

26. Plaintiff provoked any incident

### **AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

27. To the extent that the complaint can be read to include state law claims, they are barred for failure to comply with N.Y. Gen. Mun. L. §§ 50-e, 50-I and/or 50-h.

### **AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

28. There was probable cause an/or reasonable suspicion for any search.

- 6 -

**WHEREFORE,** defendant requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, along with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 9, 2011

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                              City of New York
                              Attorney for Defendant
                              100 Church Street, Room 3-170(f)
                              New York, New York 10007
                              (212) 788-1791

By:   /s_____
       Boris Zeldin
       Special Assistant Corporation Counsel
       Special Federal Litigation Division

To:   Robert Marinelli (via ECF)
       305 Broadway, 14th Floor
       New York, New York 10007

Index No. 11 CV 3486 (SLT) (JMA)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| VINCENT CARMONA,<br><br>                                                                    Plaintiff,<br><br>        - against -<br><br><br>THE CITY OF NEW YORK, POLICE OFFICER JOHN DOE 1-10,<br>                                                          Defendants |
| **ANSWER to Amended Complaint** |
| *MICHAEL A. CARDOZO*<br>        *Corporation Counsel of the City of New York*<br>*Attorney for Defendant                             100 Church Street*<br>*New York, New York  10007*<br><br>*Of Counsel:  Boris Zeldin*<br>*Tel:  (212) 788-1791* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ......................................................................, 200 ..*<br><br>*................................................................................................ Esq.*<br><br>*Attorney for ............................................................................................* |