# MINUTE ENTRY

**JOAN M. AZRACK, USMJ**  **DATE:** April 29, 2014

**DOCKET:** 11–CV–3486 (JMA)  **CASE:** Carmona v. Off. Pizzarro

❏ TELEPHONE   X IN-PERSON

**CIVIL CAUSE FOR:**

❏ INITIAL CONF.   ❏ STATUS CONF.   ❏ SETTLEMENT CONF.   ❏ DISCOVERY CONF.

X OTHER:   Pre-Trial Conference

Time in court:   ❏ 15   ❏ 30   ❏ 45   X 60   ❏ Other: ___

FOR PLAINTIFF:   Katherine Smith
                 Robert Marinelli

FOR DEFENDANT:   Ben Kuruvilla
                 Dara Olds

*Order(s):*

- On April 29, 2014, I held a pre-trial conference with the parties (FTR #: 4:06:54–4:59:00). At that conference, I reserved decision on six of the parties' motions *in limine*. My rulings on those motions are as follows:

    1) Defendant may introduce plaintiff's prior conviction for burglary. See Maize v. Nassau Health Care Corp., No. 05–CV–4920, 2012 WL 139261, at *2 (E.D.N.Y. Jan. 18, 2012) (Boyle, M.J.) (admitting plaintiff's burglary conviction that was less than two years old under Fed. R. Ev. 609(a)(1)). Defendant is admonished, however, that only the name of the conviction, its date, and the sentence imposed may come in. See Espinosa v. McCabe, No. 10–CV–497, 2014 WL 988832, at *2 (N.D.N.Y. Mar. 20, 2014). Defendant **may not** impeach plaintiff using his conviction for assault. See Jean-Laurent v. Hennessy, 840 F. Supp. 2d 529, 544 (E.D.N.Y. 2011) (Matsumoto, J.).

    2) Plaintiff may cross-examine defendant about the finding by Judge Grasso that defendant is not a credible witness because Judge Grosso specifically found Officer Pizzarro generally not worthy of belief. See U.S. v. White, 692 F.3d 235, 249 (2d Cir. 2012); U.S. v. Cedeno, 644 F.3d 79, 82–83 (2d Cir. 2011) (overruling district court because the court failed to admit the prior finding of a state court that the witness had contradicted himself); U.S. v. Cruz, 894 F.2d 41, 43–44 (2d Cir. 1990).

    3) Plaintiff is precluded from introducing other cases in which Officer Pizzarro was sued for allegedly viewing criminal activity from a rooftop through binoculars. First, the cases provided by plaintiff to the Court either remain open or were settled and are therefore inadmissible. See Permanent

1

Residence, Inc. v. RBC Video Inc., No. 05–CV–1004, 2006 WL 2092485, at *1 (E.D.N.Y. Jul. 26, 2006) (Pohorelsky, M.J.) (finding that information of a prior action which settled as inadmissible during the trial of the present matter). Second, the complaints in these cases are not admissible evidence of the underlying facts as alleged in the complaints. Third, to the extent that plaintiff is seeking to admit the prior lawsuits pursuant to Rule 404(b), that evidence is precluded because using binoculars during a police investigation is hardly evidence that is "so distinct and unusual as to be like a signature" to be admissible under Rule 404(b). Banushi v. Palmer, 08–CV–2937, 2011 WL 13894, at *2 (E.D.N.Y. Jan. 4, 2011) (quoting Wallace v. Hano, No. 90–CV–2064, 1992 WL 230139 (S.D.N.Y. 1992)).

4) Plaintiff may use the decline to prosecute form because it is a government record, but the form will be redacted to exclude the title of the document, "decline to prosecute," and the reasons for why the prosecution was declined. See generally Davis v. City of New York, 959 F. Supp. 2d 427 (S.D.N.Y. 2013) (Scheindlin, J.) (providing a detailed analysis of decline to prosecute forms and finding them admissible as a government record).

5) If defendant seeks to introduce Randy White's prior convictions because Officer Pizzarro knew of them at the time of the arrest, defendant may do so, but only after laying the necessary foundation.

6) Plaintiff's exhibits 1–5 may be used for impeachment purposes to the extent that Officer Pizzarro contradicts what his handwritten notes state in the exhibits.